# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED

MILTON VERNON WILLIAMS,

          Plaintiff,

v.

ANGELA HILL, et al.,

          Defendants.

SEP 3 0 2010

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
      Deputy Clerk

No. CIV 09-127-RAW-SPS

## OPINION AND ORDER

This action is before the court on the defendants' motions to dismiss or for summary judgment, plaintiff's motion for summary judgment, and plaintiff's various miscellaneous motions. The court has before it for consideration plaintiff's amended complaint, the parties' motions and responses, and special reports prepared by the Oklahoma Department of Corrections (DOC) and Davis Correctional Facility (DCF) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional Facility, a private prison in Holdenville, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking monetary damages for alleged constitutional violations during his incarceration at that facility and at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma. The defendants are Angela Hill, DCF Inmate Trust Fund Supervisor; Ron Anderson, DOC Assistant General Counsel; Debbie Morton, DOC Director's Designee; Jim Keith, DCF Warden; and "John Doe" Langston, Inmate Trust Fund Supervisor at OSP.

Plaintiff alleges Defendant DOC Assistant General Counsel Ron Anderson has instructed the other defendants to subject him to cruel and unusual treatment in retaliation for plaintiff's exercise of his First Amendment right of free speech. He specifically claims that on or about February 6, 2008, he sent a Request to Staff to Defendant Langston, the OSP Inmate Trust Fund Supervisor, inquiring about how much money he owed to DOC and the courts. Langston's response stated plaintiff owed $346.96 to a federal court and $675.52 to OSP for copayments, postage, and copies. Plaintiff advised Langston that he was expecting a $2,500.00 settlement check that would pay his outstanding balances. On or about February 7, 2008, plaintiff received the check and it was forwarded to Langston, who deducted plaintiff's outstanding court filing fees of $346.96 and deposited the $2,153.04 balance in plaintiff's draw account. On February 20, 2009, Langston deducted $676.18 that plaintiff then owed to OSP, leaving a balance of $1,476.86 in plaintiff's draw account. Plaintiff spent $152.05 plus $69.99 at the OSP prison canteen, and he sent $150.00 to Kimberly Picke for payment of a debt. Defendant Langston then froze plaintiff's account without notice, but because there was money in the frozen account, plaintiff was not eligible to receive indigent hygiene supplies. As a result, he had no soap or toothpaste for more than 2 ½ months. His mother sent him $40.00 on April 11, 2008, but those funds were placed in his frozen account.

Plaintiff was transferred to DCF on August 13, 2008, and his mother sent him $139.00 on August 22, 2008. Defendant DCF Trust Fund Supervisor Angela Hill allegedly allowed plaintiff to spend $89.00, but then froze the account again, denying him soap and toothpaste until January 12, 2009. Plaintiff claims DCF officials withdrew debts from his frozen account, and he finally was allowed to spend $16.19 before Defendant Hill began deducting all incoming funds intended for his draw account. Plaintiff claims he received indigent

2

supplies for the first time on April 10, 2010. He contends the defendants had a meeting of the mind in conspiring to retaliate against him in a malicious manner.

The defendants have filed motions to dismiss, alleging plaintiff has failed to exhaust the administrative remedies for his claims as required by the Prison Litigation Reform Act of 1995. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

The process for exhausting administrative remedies at DOC facilities and private prisons in Oklahoma is set forth in DOC Policy OP-090124, "Offender Grievance Process." An inmate first must attempt to resolve his complaint informally within three days of the incident. If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, raising only one issue in each RTS. If the complaint still is not resolved, he then may file a grievance with the facility head or the medical director (for medical issues) within 15 calendar days of the incident, or the date of the response to the

3

RTS, whichever is later. If the grievance also does not resolve the issue, the inmate may appeal to the DOC Administrative Review Authority or the Chief Medical Officer, whichever is appropriate, within 15 calendar days of receipt of the reviewing authority's response or any amended response. The administrative process is exhausted only after all of these steps have been taken.

The special reports indicate that in January 2008 the DOC became aware that plaintiff had received a settlement from a lawsuit he had filed while incarcerated, and he was directing transfers of funds. On March 12, 2008, Defendant Anderson notified plaintiff that, pursuant to Okla. Stat. tit. 57, § 566.1, he was required to pay outstanding debts from the settlement funds. Anderson advised plaintiff on April 24, 2008, that he had unpaid debts of $390.32 in court filing fees owed to the Western District of Oklahoma, along with costs owed to Logan County. Plaintiff also was advised that he would have to repay the money he erroneously was permitted to spend in the canteen and to send to Ms. Picke. The DOC disbursed funds to the Logan County Court Clerk and the Western District Court Clerk on April 28, 2008. The staff at OSP maintained the inmate trust account while plaintiff was at that facility and forwarded information to DCF when plaintiff was transferred to DCF.

On September 9, 2008, plaintiff filed a Request to Staff at DCF, challenging the hold on his account that was based on information from the Logan County District Court. The response by Defendant Angela Hill stated that DOC had notified plaintiff about the issue. Plaintiff's September 18, 2008, grievance was denied, because his debt to Logan County made his account subject to garnishment. Defendant DOC Director's Designee Debbie Morton denied his appeal as untimely, because the original incident had occurred on April 24, 2008, when Defendant Anderson informed plaintiff that his funds would be used to pay

4

filing fees and court costs and that plaintiff would have to replace $372.04 disbursed in error. Plaintiff resubmitted the grievance appeal in duplicate to the Office of Administrative Review on November 10, 2008, but the appeals were returned as duplicate grievances.

Plaintiff alleges in his motion to demonstrate date claims at bar accrued [Docket #58] that his claim actually accrued on August 14, 2008, when Defendant Langston sent a memo to the DCF Trust Fund Officer concerning money that was owed to the Logan County District Court. Plaintiff argues that Langston's statements in the memo were not true and were made in bad faith. The court fails to see, however, how this memo extended the date the claim accrued past the incident on April 24, 2008, when Defendant Anderson advised plaintiff of the disbursement error and of his debts for filing fees and court costs.

**ACCORDINGLY,** Defendants Hill and Keith's motion to dismiss [Docket #30] is GRANTED, Defendants Anderson, Langston, and Morton's motion to dismiss [Docket #38] is GRANTED, plaintiff's motion for summary judgment [Docket #61] is DENIED, and this action is, in all respects, DISMISSED for failure to exhaust administrative remedies. All other pending motions are DENIED as moot.

**IT IS SO ORDERED** this 30th day of September 2010.

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**