# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

FILED

DEC 2 0 2010

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

MILTON VERAN WILLIAMS,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　 )　　**Case No. CIV 09-127-RAW-SPS**
　　　　　　　　　　　　　　　　)
ANGELA HILL, et al.,　　　　　　 )
　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　 )

## OPINION AND ORDER

Plaintiff has filed a motion pursuant to Fed. R. Civ. P. 60 for reconsideration of the

court's Opinion and Order dismissing this civil rights action. Rule 60(b) allows relief from

a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The court dismissed plaintiff's action for failure to exhaust his administrative

remedies, pursuant to 42 U.S.C. § 1997e(a). This Rule 60(b) motion and its attached exhibits

essentially reiterate the allegations in his complaint and point out alleged errors in the court's dismissal order.

Plaintiff is complaining that the Magistrate Judge did not enter a Report and Recommendation in this case, but the matter was not referred to the Magistrate Judge for that purpose. In addition, he is claiming the court's Opinion and Order incorrectly stated the date he first received his indigent supplies, but the court finds this date discrepancy does not affect the analysis of his motion for reconsideration.

Plaintiff also challenges the court's determination that he failed to exhaust the administrative remedies for his claims. The record shows that in February 2008 plaintiff received a $2,500.00 settlement check from a civil case in which he was a party [Docket #39-21]. On April 14, 2008, he submitted a Request to Staff (RTS) to the Oklahoma State Penitentiary (OSP) Trust Fund Officer, asking to have the settlement funds placed in an escrow account, so he could access the funds in his trust account, including $40.00 his mother had sent him [Docket #39-15]. The RTS stated he had been advised that the settlement funds were to be used to pay costs and fines in Logan County Case Nos. CF-00-117 and CF 01-011, along with federal court filing fees. *Id.* Plaintiff complained that because his account had been frozen, he had not been able to purchase hygiene supplies. *Id.* The response to the RTS stated that plaintiff's account would remain frozen until Defendant DOC Assistant General Counsel Ron Anderson authorized release of the funds, but plaintiff's case manager would arrange for plaintiff to receive an indigent sack. *Id.*

On April 23, 2008, plaintiff submitted another RTS to the OSP Trust Fund Officer, reiterating that his mother had sent him $40.00 on April 11, 2008, but his canteen requisition indicated his account had been frozen [Docket #6 at 15-16]. He requested the immediate

2

return of the $40.00 to his mother and that he be provided indigent supplies and indigent mailing. *Id.* The April 24, 2008, response to the RTS stated that the issue had been addressed, and indigent supplies had been authorized. *Id.*

During this same period of time, Ron Anderson sent plaintiff a memo dated April 24, 2008, stating Anderson had learned that plaintiff had been able to spend $372.04 of the settlement funds in the canteen or by disbursement to K. Picke [Docket #39-17]. The memo advised plaintiff that the money must be replaced and paid toward his debts. *Id.*

On April 30, 2008, plaintiff submitted yet another RTS to the OSP Trust Fund Officer, referencing Anderson's memo and arguing that the $40.00 from his mother should not have been included in the memo calculations [Docket #39-18 at 2-3]. He again asked to have the $40.00 returned to his mother. *Id.* The May 2, 2008, response to the RTS stated that plaintiff knew he should not have spent the settlement funds, so he would have to repay the money. *Id.*

There is no indication plaintiff filed any grievances at OSP concerning the issue of his frozen account and the money his mother sent. He asserts it was his understanding that the issues were resolved informally, when he agreed with Defendant Anderson's April 24, 2008, determination that the $372.04 would have to be repaid. [Docket #73 at 2-3].

Plaintiff was transferred to Davis Correctional Facility (DCF) on August 13, 2008 [Docket #39-2 at 3]. On August 14, 2008, the OSP Trust Fund Officer sent a memo to the DCF Trust Fund Officer concerning the money plaintiff owed to the Logan County District Court [Docket #39-22]. Plaintiff submitted a RTS at DCF on September 9, 2008, challenging the legality of the hold on his trust fund account with respect to the Logan County debt [Docket #29-7 at 10-11]. Plaintiff's RTS also again raised the issue of the

3

$40.00 his mother sent him on April 11, 2008. *Id*. The September 12, 2008, response advised plaintiff that he had been notified by DOC of the issue, and DCF was following instructions from DOC. *Id*.

On September 16, 2008, plaintiff filed another RTS to Defendant Angela Hill, the DCF Inmate Trust Fund Supervisor [Docket #6 at 26-27]. He stated he never received a notice from her that DOC had advised DCF of his debts. *Id*. He complained that he was allowed to spend part of $139.00 his mother had sent him on commissary purchases, and he asserted DOC should not be allowed to tell Ms. Hill what to do. *Id*. He asked for the balances of his trust fund account and his debts. *Id*. Ms. Hill's response advised that she had no control over DOC, and she had sent plaintiff a copy of the letter she received from DOC. *Id*.

Plaintiff filed Grievance No. 08-093 at DCF on September 18, 2008, alleging Ms. Hill was "following the instruction of OSP/DOC who told her to harass [him] without penological purpose by not allowing [his] family to send [him] incoming fund[s] and/or confiscating all [his] incoming funds in retaliation for [his] filing of a civil suit in the U.S. District Court for the Eastern District of Oklahoma . . . ." [Docket #39-4 at 5-6]. The RTS also alleged OSP took his funds in violation of a state statute. *Id*. Plaintiff stated on the Grievance Report Form that he had submitted a previous Grievance on the same issue at OSP on April 14, 2008. *Id*. at 5. The form advised that the completed original Grievance Report Form must be submitted "within 15 calendar days of the incident or the receipt of the response to the 'Request to Staff' form, whichever is later." *Id*. (emphasis in original).

The Facility/Unit Head's September 26, 2008, response stated:

Pursuant to the Judgment Entry of Judgment and Sentence on Verdict dated

April 24, 2001, in Logan County Case No. CF-00-117; Title 57 § 566D; a Memo dated April 24, 2008, from Assistant General Counsel Ronald A. Anderson; and my assistant's telephone conference with Attorney Anderson, any funds placed into your trust fund are subject to garnishment in order to satisfy a judgment associated with an award of costs.

[Docket #39-4 at 7].

On October 30, 2008, DOC Director's Designee Debbie Morton returned plaintiff's grievance appeal unanswered as out of date from the incident on April 24, 2008 [Docket #39-4 at 2]. Plaintiff attempted to resubmit the grievance appeal, claiming the date of the incident at issue was September 8, 2008, when he learned the DCF Trust Fund Officer had put a hold on his account because of the Logan County debt [Docket #29-7 at 3]. Plaintiff's grievance was returned unanswered on November 20, 2008, with notations that plaintiff had submitted duplicate grievances, and the decision by the Director or Designee was final [Docket #29-7 at 2, 5]. According to the affidavit by the DOC Administrative Manger of the Appellate Review Authority, plaintiff has filed no grievances alleging the defendants "conspired to promote misconduct violation" [Docket #39-24 at 2].

Plaintiff also presents an argument that his time for exhausting administrative remedies should have been tolled from April 24, 2008, until September 26, 2008. He, however, has cited no authority for this proposition.

The court has carefully reviewed the record and construed plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (citations omitted). Plaintiff is arguing that the incident of which he is complaining occurred on September 8, 2008, instead

of April 24, 2008. A review of his September 9, 2008, RTS, however, shows he was raising the same issues as those raised in his April 14, 2008 RTS. He even admitted in the RTS dated September 9, 2008, that the claims had been presented in the earlier RTS. Therefore, the court finds he has failed to show he is entitled to relief under Rule 60(b).

**ACCORDINGLY,** plaintiff's motion for reconsideration [Docket #73] is DENIED. In addition, the court's Judgment shall be amended to reflect that this action is DISMISSED WITHOUT PREJUDICE. *See Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (citing *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139 (10th Cir. 2005)).

**IT IS SO ORDERED** this __20th__ day of December 2010.


**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**